# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XUNXIAN LIU, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-3468 |
| DAVID SHURTLEFF, EVELYN CUSSON | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

This action stems from Plaintiff Xunxian Liu's termination from the National Center for Complementary and Integrative Health ("NCCIH") in August 2015. Following his termination, Plaintiff filed an appeal with the Merit Systems Protection Board ("MSPB"), which was denied, and then filed a complaint in this Court, which was dismissed on summary judgment and affirmed on appeal. *Xunxian Liu v. Mary Catherine Bushnell* ("*Liu v. Bushnell I*"), No. TDC-17-1398, 2018 WL 3093974 (D. Md. June 22, 2018), *aff'd sub nom. Xunxian Liu v. Azar*, 742 F. App'x 748 (4th Cir. 2018). Undeterred, Plaintiff, proceeding without counsel, filed the instant action in the Circuit Court for Montgomery County, Maryland which was removed to this Court. ECF No. 1. Plaintiff argues that his former supervisors, Drs. Mary Catherine Bushnell and David Shurtleff, violated his due process rights and committed fraud in connection with his termination, and that Assistant United States Attorney Evelyn Cusson violated his "victim right" and committed fraud in the course of her representation of the defendants in *Liu v. Bushnell I*. ECF No. 1-6 ("Compl."). Pending is Defendants' Motion to Dismiss, ECF No. 29.[1] Because the issues alleged in the

---

[1] The parties fully briefed the motion. *See* ECF Nos. 29, 39, 43. A hearing is not necessary. *See* Loc. R. 105.6.

Complaint already were decided in *Liu v. Bushnell I*, Plaintiff's claims are barred by collateral estoppel and Defendants' Motion to Dismiss is granted.[2]

**Background**

Plaintiff was employed as a biologist at NCCIH, part of the National Institutes of Health ("NIH"), within the Department of Health and Human Services. Compl. at 1.[3] During the relevant period, Dr. Bushnell was Plaintiff's first-line supervisor and Dr. Shurtleff was Plaintiff's second-line supervisor. *Id.* at 2–3. On May 21, 2015, Dr. Bushnell placed Plaintiff on a 60-day Performance Improvement Plan ("PIP"). *Id.* at 2; PIP, Compl. Ex. D at 30. In a July 13, 2015 memorandum to Plaintiff, which was copied to Dr. Shurtleff, Dr. Bushnell recommended Plaintiff's removal from federal service for failing to improve during the PIP period. Notice of Proposed Removal, Compl. Ex. G at 45. Notably, this memorandum stated that Dr. Bushnell notified Plaintiff of his unacceptable performance on May 8, 2015, before issuing the PIP. *Id.* On August 31, 2015, Dr. Shurtleff removed Plaintiff from federal service. Removal, Compl. Ex. I at 79. The deficiencies in Plaintiff's job performance before and during the PIP period, including plagiarism, unauthorized spending of federal funds, and difficulty working with others, were described in detail by Judge Chuang in *Liu v. Bushnell I*, 2018 WL 3093974 at *1–*5, and need not be repeated here.

---

[2] Plaintiff named Drs. Bushnell and Shurtleff, and AUSA Cusson as defendants in the Complaint. ECF No. 1-6. Dr. Bushnell was terminated from this case by voluntarily amendment of the pleadings. ECF No. 18. However, after this termination, Plaintiff requested to reamend the pleadings to add Dr. Bushnell back as a defendant. ECF No. 23. I directed the Government to address the propriety of suit against Dr. Bushnell in its motion to dismiss and stated that if the motion were denied, Plaintiff would have the opportunity to amend the Complaint to reintroduce Dr. Bushnell as a defendant. ECF No. 25. The parties addressed the claims against Dr. Bushnell in the motion to dismiss briefings. *See* ECF Nos. 29, 39, 43. The reasons for dismissal discussed herein apply fully to the claims stated against Dr. Bushnell in the Complaint. Therefore, Plaintiff may not amend the Complaint to reintroduce Dr. Bushnell as a defendant.

[3] All references to page numbers in the Complaint refer to electronic pagination.

Plaintiff appealed his termination to the MSPB. He claimed that he was not properly removed from federal service, that his removal was the product of illegal discrimination and a hostile work environment based on race, national origin, color, age, and sex, and that he suffered retaliation. MSPB Initial Decision at 4–5, 11–12, ECF No. 29-2. Plaintiff was represented by counsel and extensive discovery took place. After a three-day hearing, including testimony from Dr. Bushnell, an Administrative Judge affirmed Plaintiff's removal. *Id.* at 5, 15.

During closing arguments at the hearing, Plaintiff asserted that Dr. Bushnell did not provide him notice of his deficient performance in May 2015 prior to placing him on a PIP. *Id.* at 8. The Administrative Judge rejected this argument:

> In his closing argument, [Plaintiff] argued that Dr. Bushnell placed [him] on a PIP in May, 2015, despite offering him no notice of alleged unsatisfactory y [sic] performance. At [the] hearing, [Plaintiff] testified that Dr. Bushnell never told him that his performance was unsatisfactory before being placed on a PIP. I find this statement to be misleading, and the claim to be without merit. As stated above, Dr. Bushnell testified at length during the hearing that [Plaintiff] was cautioned about his poor performance on numerous occasions between January, 2015 and May, 2015. . . . Based on the evidence in the record and testimony presented at [the] hearing, I find that the agency has demonstrated by substantial evidence that it determined [Plaintiff's] performance to be unacceptable in one or more critical elements of his position, and warned him of his performance inadequacies during his appraisal period.

*Id.* at 8–9. In the findings of fact, the Administrative Judge also stated that "[o]n May 8, 2015, [Plaintiff's] supervisor, Dr. M. Catherine Bushnell notified [Plaintiff] that she had determined that he was performing unacceptably." *Id.* at 2.

Plaintiff, proceeding without counsel, then filed his claims in this Court in *Liu v. Bushnell I*. Judge Chuang construed his complaint as stating claims for race, color, national origin, and sex discrimination, and retaliation, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17 (2012); age discrimination and retaliation under the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (2012); and perjury under federal and state law. *Liu v. Bushnell I*, 2018 WL 3093974 at *1, *6. The defendants were represented in that case by AUSA Cusson. The Title VII and ADEA claims were the same as those asserted before the MSPB. The perjury claims were based on the alleged false statement made by Dr. Bushnell in the Notice of Proposed Removal and before the MSPB that she met with Plaintiff on May 8, 2015 to notify him of his deficient performance prior to placing him on a PIP, which the MSPB Administrative Judge also considered and rejected.

After he filed his complaint in *Liu v. Bushnell I*, Plaintiff sent a letter to the United States Attorney General, reporting Dr. Bushnell's alleged perjury and seeking her criminal prosecution. *See* Compl. at 4; Letter dated June 5, 2017, Compl. Ex. M at 110. The Department of Justice sent Plaintiff a response on June 5, 2017 indicating that it would follow up, if necessary, within 60 business days. Letter dated June 5, 2017, Compl. Ex. M at 110.

On June 22, 2017, Plaintiff emailed Lisa Council at NIH/NCCIH regarding his complaint in *Liu v. Bushnell I*. Ms. Council referred Plaintiff to AUSA Cusson, as counsel for the defendants in that case. Presuming that AUSA Cusson also was responsible for investigating his perjury claim that he sent to the Attorney General, Plaintiff filed a motion to recuse AUSA Cusson from her representation of the defendants in *Liu v. Bushnell I*. Motion for Recusal, Compl. Ex. R at 126. The defendants opposed the motion and filed a Motion to Dismiss or in the alternative Motion for Summary Judgment.

The Court found in favor of the defendants on both motions. The Court denied Plaintiff's motion to recuse AUSA Cusson based on Ms. Cusson's disavowal of any involvement in investigating Plaintiff's claims of perjury and Plaintiff's pure speculation to the contrary. *Liu v. Bushnell*, 2018 WL 3093974 at *13. The Court construed the defendants' Motion to Dismiss or

in the alternative Motion for Summary Judgment as a motion for summary judgment. In doing so,

the Court considered Plaintiff's claim that Dr. Bushnell committed perjury and found that it did

not warrant additional discovery that would preclude consideration of the defendants' motion as

one for summary judgment. *Id.* at *7. The Court explained that Plaintiff "already had the

opportunity to cross-examine Dr. Bushnell about any meeting on May 8, 2015 as part of the MSPB

hearing" and did not present a persuasive reason for further discovery. *Id.* After considering the

record before it, the Court granted summary judgment for Defendants on Plaintiff's Title VII,

ADEA, and perjury claims. *Id.* at *13.

On October 2, 2018, Plaintiff filed the instant complaint in the Circuit Court for

Montgomery County, Maryland. Plaintiff alleges the same issues already litigated in *Liu v.

Bushnell I*. Specifically, Plaintiff alleges that Dr. Bushnell did not properly inform him of his

inadequate job performance before issuing a PIP and that Dr. Bushnell committed fraud when she

asserted in the memorandum regarding his proposed removal that she met with Plaintiff on May

8, 2015. Compl. at 2, 4. Plaintiff alleges that Dr. Shurtleff adopted Dr. Bushnell's false statement

and perpetuated the alleged fraud in terminating Plaintiff's employment. *Id.* at 3. Finally, Plaintiff

alleges that AUSA Cusson committed fraud by representing the defendants in *Liu v. Bushnell I*

while also allegedly investigating Plaintiff's complaint of perjury. *Id.* at 5–6.

### Standard of Review

Plaintiff's claims are subject to dismissal if they "fail[] to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state

"a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule

12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding

the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*,

464 F.3d 480, 483 (4th Cir. 2006). The well pleaded facts as alleged in Plaintiff's complaint are

accepted as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Factual allegations are

construed "in the light most favorable to [the] plaintiff." *Adcock v. Freightliner LLC*, 550 F.3d

369, 374 (4th Cir. 2008) (quoting *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th

Cir. 1984).

### Discussion

Plaintiffs claims must be dismissed because the relevant issues have already been litigated

in *Liu v. Bushnell I*. Collateral estoppel, also known as issue preclusion, "works to ensure that

parties get 'one full and fair opportunity to litigate a particular issue, while preventing needless

relitigation of that issue.'" *Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of

Abandoned Steel*, 410 Fed. Appx. 716, 720 (4th Cir. 2011) (quoting *In re Cygnus Telecomms.

Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1350 (Fed. Cir. 2008)). Collateral estoppel bars

relitigation of an issue or fact if

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact
> was actually resolved in the prior proceeding; (3) the issue or fact was critical and
> necessary to the judgment in the prior proceeding; (4) the judgment in the prior
> proceeding is final and valid; and (5) the party to be foreclosed by the prior
> resolution of the issue or fact had a full and fair opportunity to litigate the issue or
> fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). Collateral estoppel may

be used by a defendant "to bar claims the plaintiff (or claimant) already unsuccessfully made

against *it* . . . ." *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 280 F. Supp. 3d 691, 716

(D. Md. 2017), *aff'd*, 937 F.3d 1359 (Fed. Cir. 2019), *reh'g denied*, No. 2018-1367, 2019 WL 6720201 (Fed. Cir. Dec. 11, 2019) (emphasis in original). Here Defendants invoke collateral estoppel to prevent Plaintiff from relitigating his claims against Drs. Bushnell and Shurtleff and AUSA Cusson, arguing that the relevant issues have already been decided by this Court in *Liu v. Bushnell I*. I agree.

*Claims against Drs. Bushnell and Shurtleff*

The core of Plaintiff's claims against Drs. Bushnell and Shurtleff is that Plaintiff was not notified that his job performance was unacceptable prior to placing him on a PIP and that Drs. Bushnell and Shurtleff lied when they stated and affirmed, respectively, that Plaintiff was notified of his deficient performance on May 8, 2015. Compl. at 2–3. Applying the collateral estoppel factors outlined above, Plaintiff is foreclosed from bringing his claims against Drs. Bushnell and Shurtleff because these issues have already been decided by this Court in *Liu v. Bushnell I*.

First, the issues are identical to ones already litigated. In *Liu v. Bushnell I*, the Court noted that Dr. Liu alleged that in the MSPB proceedings that Dr. Bushnell "committed perjury by asserting that Dr. Bushnell met with Dr. Liu on May 8, 2015 to inform him of his unacceptable performance ratings" and specifically construed the federal court Complaint as alleging perjury by Dr. Bushnell based on these statements. *Liu v. Bushnell I*, 2018 WL 3093974, at *6, *13.

Second, the Court actually resolved these issues. The Court found that Plaintiff's assertion regarding the May 8, 2015 meeting did not entitle Plaintiff to additional discovery because Plaintiff "already had an opportunity to cross-examine Dr. Bushnell about any meeting on May 8, 2015 as part of the MSPB hearing," and Plaintiff did not present "a persuasive reason for further discovery." *Id.* at *6. The Court also denied Plaintiff's perjury claims for failing to cite a proper cause of action. *Id.* at *13. Further, the Court found that Plaintiff's assertions regarding the May

8, 2015 meeting did not defeat summary judgment on his discrimination claims. The Court considered whether Plaintiff's job performance was satisfactory at the time he was terminated as an element of Plaintiff's prima facie case of discrimination and the Defendants' legitimate non-discriminatory reason for terminating Plaintiff. *Id.* at *8–*10. When recounting the facts of the dispute, the Court noted that "[a]ccording to Dr. Bushnell, she told Dr. Liu of his unacceptable performance ratings on May 8, 2015, an assertion that Dr. Liu disputes." *Id.* at *3. Nonetheless, the Court concluded that "[b]eyond Dr. Liu's own personal speculation, *there is nothing in the record* to suggest that Dr. Bushnell's decision to place Dr. Liu on a PIP and her recommendation of termination, were based on an impermissible discriminatory motive." *Id.* at *10 (emphasis added).

Third, the resolution of these issues was critical and necessary to the final judgment. The Court had to resolve the issue of whether additional discovery was needed regarding Plaintiff's allegations about the May 8, 2015 meeting to construe the defendants' motion as one for summary judgment. The Court also dismissed the perjury claims based on these allegations. And whether Dr. Bushnell lied about providing notice to Plaintiff of his deficient performance goes directly to the Court's assessment of a prima face case for discrimination and unlawful pretext.

As to the final two factors, the grant of summary judgment makes the *Liu v. Bushnell I* judgment final and valid, *see Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n.3 (4th Cir. 1984), and Plaintiff had a full and fair opportunity to litigate these issues. Therefore, collateral estoppel applies to Plaintiffs claims against Drs. Bushnell and Shurtleff and those claims are dismissed.

*Claims against AUSA Cusson*

The core issue in Plaintiff's claims against AUSA Cusson is that she allegedly investigated Plaintiff's criminal complaint of perjury to the Department of Justice and decided not to pursue

action, while also representing Dr. Bushnell and the other defendants in *Liu v. Bushnell I*. Compl. at 5–6. This issue has already been addressed in *Liu v. Bushnell I*, and a review of the collateral estoppel factors demonstrates that Plaintiff is foreclosed from bringing his claims against AUSA Cusson as well.

First, this issue is identical to the issue Plaintiff raised in his motion to recuse AUSA Cusson in *Liu v. Bushnell I*. Plaintiff requested that AUSA Cusson be recused in part because she allegedly "investigated, then rejected, his requests that criminal perjury charges be brought against Dr. Bushnell and Susan Andorfer, the NIH attorney in the MSPB proceedings." *Liu v. Bushnell I*, 2018 WL 3093974, at *6. Second, the Court actually resolved this issue by denying Plaintiff's motion for recusal, finding Plaintiff's claims regarding AUSA Cusson's involvement in Plaintiff's criminal complaint of perjury were "pure speculation." *Id.* Third, resolving this issue was necessary to the final judgment on Plaintiff's motion to recuse, as it disposed of the motion completely. Fourth, the judgment was final and valid. And finally, Plaintiff had a fully opportunity to litigate this issue and did so in *Liu v. Bushnell I*. Therefore, Plaintiff is collaterally estopped from asserting his claims in this case against AUSA Cusson.[4]

## Conclusion

In sum, Defendants' Motion to Dismiss is granted. Because the issues raised in the Complaint were already raised and addressed in *Liu v. Bushnell I*, Plaintiff is collaterally estopped from asserting them here.

---

[4] Because Plaintiff's claims are dismissed based on collateral estoppel, I do not address Defendants' other arguments for dismissal.

## ORDER

For the reasons stated in this Memorandum Opinion, it is, this 3rd day of January 2020, hereby ORDERED that Defendants' Motion to Dismiss, ECF No. 29, is GRANTED as follows:

1. The Claims against DAVID SHURTLEFF and EVELYN CUSSON are DISMISSED with PREJUDICE.

2. Plaintiff is DENIED leave to amend the Complaint to add back MARY CATHERINE BUSHNELL as a defendant.

3. The CLERK is directed to CLOSE this case.

4. The CLERK will mail a copy of this decision to Plaintiff and Counsel for Defendants.

          /S/          
Paul W. Grimm
United States District Judge
